IN THE MATTER OF SEYMOUR S. WEINBLATT,
AN ATTORNEY-AT-LAW, RESPONDENT.

Argued January 10, 1967—Decided February 21, 1967.

*Mr. Michael R. Imbriani* for the order.

*Mr. Waller D. Van Riper* against the order (*Messrs. Van Riper & Belmont,* attorneys).

The opinion of the court was delivered

PER CURIAM. The Somerset County Ethics Committee filed presentments against Mr. Weinblatt charging him with the improper handling of three real estate closings and the use of trust monies for personal purposes to the extent of over $20,000.

In August 1962 respondent closed a mortgage loan on property located in the Township of Edison and subsequently certified to a title insurance company that the mortgage was a first lien on the premises notwithstanding the fact that a prior mortgage on the property had not been paid and remained a first lien on the property. In fact, the prior mortgage was not paid off until eight months after the insured mortgage had been closed. Moreover, during the eight-month period, monthly payments on the prior mortgage were made by the corporation which was the previous owner of the property and in which respondent had an interest.

A similar procedure was followed by respondent in closing a property in the Township of Hillsborough in November 1962. Here, too, a prior mortgage was not paid off until four months after the title was closed.

In December 1962 respondent followed the same practice in the closing of a mortgage loan on property in the Township of Franklin. This mortgage was not paid off until three months after the title closed.

Moreover, respondent commingled monies due to him as attorney and funds held in trust for others, and he used trust funds for his personal and office purposes, in violation of *Canon* 11, which provides:

"Money of the client or collected for the client or other trust property coming into the possession of the lawyer should be reported and accounted for promptly, and should not under any circumstances be commingled with his own or be used by him."

The evidence indicated that respondent maintained no suitable bookkeeping system with respect to his trust accounts. He testified that he had little, if any, knowledge of what was being done with his own books of account and that practically the entire responsibility for maintaining the books of account and for the execution of disbursements was placed by respondent upon the secretaries in his office. This testimony was corroborated by the secretaries.

Respondent contends that as soon as he became aware of the problems arising out of his defective bookkeeping, he immediately set about borrowing enough money to cover the claims of clients and that one of the steps taken by respondent was to mortgage his home in the sum of $11,000. Respondent lays great stress on the fact that he has made restitution and that no one has suffered financial loss whatsoever.

Our reading of the transcript of the hearing leads us to the same conclusion as found by the Committee:

"that although the respondent may have been unaware of the precise extent of the incursions into his trust funds, he knew that clients' funds were being used for his personal benefit."

We find that respondent violated *Canon* 11 and his professional duty as an attorney in the title and mortgage closing transactions.

As stated in *In re Baron,* 25 *N. J.* 445, 449 (1957):

"Each disciplinary matter must be determined on its own facts and circumstances, and the difficulty constantly present is as to what the final disciplinary measure should be. The ultimate objective is the protection of the public, the purification of the bar and the prevention of a re-occurrence."

The Committee, we note, stated that respondent made immediate restitution and cooperated with the Committee in the

several hearings held. Also, respondent has put into operation bookkeeping procedures which will spell out clearly funds belonging to respondent and those held in trust for his clients.

Under the facts here present, it is our conclusion that a suspension for one year would constitute an appropriate discipline.

It is ordered that respondent is suspended from the practice of law for one year and until the further order of this Court.